IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRENDA M. IRWIN

                         Plaintiff,

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.

No. CV-10-545-HZ

OPINION AND ORDER

Bruce W. Brewer
LAW OFFICES OF BRUCE W. BREWER, PC
419 Fifth Street
Oregon City, OR 97045

      Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION AND ORDER

David J. Burdett
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Now before me is an application for fees (doc. #31) pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412 et. seq., filed by Brenda M. Irwin ("Plaintiff" or "Irwin"). Plaintiff's counsel seek an award of fees and costs in the amount of $18,609.91 for 103.90 of hours expended on Plaintiff's underlying case.  Pl.'s Mem. In Supp. of Pl.'s Application for Fees Pursuant to the Equal Access to Justice Act ("Pl.'s Mem."), p. 1, 6.  For the reasons that follow, Plaintiff's counsel's application for fees is GRANTED in part and DENIED in part.

## BACKGROUND

      Plaintiff was initially found disabled with ankylosing spondytlitis, having an onset date of February 28, 1993, and an entitlement date of October 1995.  Plaintiff's benefits, however, were ceased in March 2000.  On March 30, 2001, Plaintiff protectively reapplied for Title II disability insurance benefits and Title XVI Supplemental Security Income ("SSI"), alleging an onset date of September 1, 2000.  Her application was denied, and a hearing before an administrative law judge ("ALJ") of the Social Security Administration("SSA") was held on February 2, 2004.  On July 27, 2004, the ALJ found Plaintiff was not disabled, and the Appeals Council denied her request for review on January 26, 2005.  Plaintiff filed a civil action in the United States District Court for the District of Oregon.  On November 16, 2006, the Honorable Ancer L. Haggerty reversed and remanded the ALJ's final decision.

2 - OPINION AND ORDER

On remand, ALJ John J. Madden, Jr. issued a fifty-eight page decision on May 2, 2008, finding Plaintiff not disabled. Although Plaintiff filed exceptions to the ALJ's decision, the Appeals Council declined to assume jurisdiction.

Plaintiff filed a second action in the United States District Court for the District of Oregon on May 13, 2010, seeking judicial review of the ALJ's May 2, 2008, decision pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g). On January 18, 2011, Plaintiff filed her opening brief contending the ALJ's decision should be reversed and remanded for the immediate payment of benefits. On March 24, 2011, the Commissioner of Social Security (the "Commissioner") filed a brief in opposition to Plaintiff's opening brief, and on May 26, 2011, Plaintiff filed her reply brief. The medical and other evidence in the record spans over 1,800 pages.

On July 1, 2011, I issued an Opinion and Order (doc. #29) reversing the decision of the Commissioner and remanding this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits. Because Plaintiff was the prevailing party, Plaintiff's counsel subsequently filed the current application for fees under EAJA.

## STANDARD

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)). A "prevailing party" is one who has been awarded relief by the court "on the merits of at least some of his claims."

3 - OPINION AND ORDER

Hanrahan v. Hampton, 446 U.S. 754, 758 (1980).  A prevailing plaintiff, however, is not entitled

to attorneys' fees under EAJA if "the Commissioner shows that his position with respect to the

issue on which the district court based its remand was 'substantially justified.'"  Lewis v.

Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).  The Commissioner's positions are substantially

justified "if his position met the traditional reasonableness standard–that is justified in substance

or in the main, or to a degree that could satisfy a reasonable person."  Id. (internal citations and

quotation marks omitted).  "The Supreme Court has explained that 'a position can be justified

even though it is not correct, and . . . can be substantially . . . justified . . . if it has a reasonable

basis in law and fact.'"  Id. (internal citations and quotation marks omitted).  The Commissioner's

"failure to prevail does not raise a presumption that its position was not substantially justified."

United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002) (citation and internal quotation

marks omitted).

Lastly, an award of attorneys fees under EAJA must be reasonable.  28 U.S.C. §

2412(d)(2)(A).  The court has an independent duty to review the fee request to determine its

reasonableness.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento,

534 F.3d 1106, 1111 (9th Cir. 2008); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).

The starting point for a reasonable fee is the number of hours expended multiplied by a

reasonable hourly rate.  Hensley, 461 U.S. at 434; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.

1998).  Under EAJA, the hourly rate for attorneys' fees is capped at $125.00, but the court may

make adjustments for cost of living or other appropriate "special factor[s]."  28 U.S.C. §

2412(d)(2)(A).  With respect to the number of hours expended on a case, "[t]here is some

consensus among the district courts [within the Ninth Circuit] that 20-40 hours is a reasonable

amount of time to spend on a social security case that does not present particular difficulty."
Harden v. Comm'r Soc. Sec. Admin., 497 F. Supp. 2d 1214, 1215-16 (D. Or. 2007) (citations
omitted).

"The fee applicant bears the burden of documenting the appropriate hours expended in
the litigation and must submit evidence in support of those hours worked." Gates, 987 F.2d at
1397 (citation omitted). "The party opposing the fee application has a burden of rebuttal that
requires submission of evidence to the district court challenging the accuracy and reasonableness
of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id.
at 1397-98 (citation omitted). Where documentation is inadequate, the court may reduce the
requested award. Hensley, 461 U.S. at 433-34.

## DISCUSSION

Plaintiff's counsel seek a total of $18,609.91 in attorneys fees for 103.90 of hours
expended at an hourly rate of $179.51 and $175.06, for 2011 and 2010, respectively. The
Commissioner does not argue Plaintiff's counsel's application is untimely, the hourly rate
requested is improper, or the Commissioner's position was substantially justified. Because
Plaintiff's requested rates are within the statutory cap provided for under the EAJA and because
the Commissioner does not contest the hourly rates sought by Plaintiff, I conclude the hourly
rates sought by Plaintiff's counsel are reasonable in this instance.

The Commissioner, however, objects to Plaintiff's counsel's requested hours because they
are unreasonable and inadequately explained. Def.'s Resp. to Pl.'s Mot. for Attorneys Fees
Under the EAJA ("Resp."), p. 4. Specifically, the Commissioner urges this court to deduct a
total of 44.5 hours from Plaintiff's counsel's fee request, arguing the entries associated with those

hours amount to block billed hours which do not clearly set forth what tasks were done, when, or why they were reasonably necessary.

Broken down, the 44.5 hours to which the Commissioner objects are those documented by Ralph Wilborn ("Wilborn") and are composed of the following entries: (1) Five entries in January 2011 totaling 30.5 hours, each of which note, "Continue research and drafting of Plaintiff's Opening Brief and fact-check each assertion made by the ALJ that is being addressed[;]" (2) one entry in May 2011 for 8.0 hours stating, "Partially research and draft Plaintiff's Reply Brief[;]" and (3) one entry in May 2011 for 6.0 hours stating, "Complete research and draft Plaintiff's Reply Brief."  Id.; Decl. of Ralph Wilborn in Supp. of Appl. for Fees Pursuant to the EAJA ("Wilborn Decl."), p. 2.

"A fee applicant should maintain billing records in a manner that enables a reviewing court, and opposing counsel, to easily identify the hours reasonably expended on a particular task."  Aranda v. Astrue, No. CV. 08–340–MA, 2011 WL 2413996, at * 5(D. Or. 2011) (citing Hensley, 461 U.S. at 437).  "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended."  Id. (citation omitted); Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996) ("block billing" refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks").  "[T]he district court can 'reduce' the fee award where the documentation is inadequate."  Fischer v. SJF–P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (citing Hensley, 461 U.S. at 433); see also Lee v. Comm'r, Soc. Sec. Admin., Civil No. 08-6132-JO, 2009 WL 3003858, *1 (D. Or. 2009) (reducing EAJA award by ten percent to account for

block billing); <u>Gadberry v. Astrue</u>, Civil No. 08-314-KI, 2009 WL 2983086, *2 (D. Or. 2009) ("reduc[ing] plaintiff's attorney's fee request by 10 hours to account for the block"); <u>Brandt v. Astrue</u>, Civil No. 08-0658-TC, 2009 WL 1727472, *4 (D. Or. 2009) (reducing "block billed hours" by fifty percent); <u>Taylor v. Albina Cmty. Bank</u>, No. CV-00-1089-ST, 2002 WL 31973738, *5 (D. Or. 2002) (reducing defendant's block billing by fifty percent).

In a sworn declaration Wilborn emphasizes he has "competence and expertise as a [s]ocial [s]ecurity disability law practitioner." Wilborn Decl., p. 3. He states he has "specialized in [s]ocial [s]ecurity law" since 1984, served more than three years as an administrative law judge for the SSA, represents only social security claimants in federal court proceedings, and is even the author of a social security handbook. Id. In their reply Plaintiff's counsel contend the lengthy briefs, voluminous ALJ decision, nearly two-thousand-page administrative record, and fact that Wilborn had never previously addressed some of the issues argued in the underlying case demonstrate the hours requested are reasonable. Plaintiff's counsel also cite a number of cases for the proposition that spending over forty hours in even simple routine cases is reasonable.

I recognize Wilborn's experience and expertise in social security law. I also recognize the briefs and administrative record in this case were unusually lengthy, and thus would present more difficulty than would a more "routine" social security case. <u>Harden</u>, 497 F. Supp. 2d at 1216 (citations omitted). It is Wilborn's block billing, however, which gives me pause.[1]

---

[1] Plaintiff's counsel argue they have not block billed a single entry. I disagree and find the entries to which the Commissioner objects are properly classified as block billing entries.

Plaintiff's counsel cite <u>Fischer</u>, 214 F.3d at 1121 for the proposition that <u>all</u> of Wilborn's documented tasks in this instance are compensable.  A careful reading of <u>Fischer</u>, however, does not support Plaintiff's counsel's position.  In <u>Fischer</u>, 214 F.3d at 1121-22, the Ninth Circuit found the lower court's denial of fees in its "entirety" amounted to an abuse of discretion because the court could have "simply reduced the fee to a reasonable amount" or requested more detailed information which it knew was "readily available."  In contrast to <u>Fischer</u>, nothing in the record before me indicates that more detailed information is readily available.  More important, I find a reduction of Plaintiff's counsel's fees appropriate in this instance because Wilborn's block billing entries fail to provide sufficient explanation and specificity that would allow this court to perform its duty of assessing the reasonableness of the time Wilborn spent on each task.  <u>See</u> <u>Hensley</u>, 461 U.S. at 433-34.

Plaintiff's counsel contend that this court should adopt the rationale in <u>Vessell v. Astrue</u>, No. C08-0949RSL, 2009 WL 3400660, at *3 (W.D. Wash. 2009) and grant its request for attorneys fees in its entirety.  That case, however, is distinguishable on its facts.  The block billing at issue in that case combined only the entries for drafting the opening brief and reply brief.  <u>Id.</u>  It did not involve the bundling of vastly different entries such as researching, drafting, and fact-checking or researching and drafting as is the case here.  Wilborn Decl., p. 2.

In light of the above, I find that a twenty-five percent reduction in the disputed hours, or 11.125 hours (25% x 44.5) results in a reasonable number of billable hours under the EAJA.  The reduction of 11.125 hours from Plaintiff's total requested hours results in a total of 92.775 (103.90-11.125) billable hours, which I find well above the twenty to forty hours generally expended on routine social security cases within this district and commensurate with the

8 - OPINION AND ORDER

difficulties of the underlying case highlighted by Plaintiff's counsel.  Accordingly, Plaintiff's counsel's total requested fee is reduced by $1,997.05 (11.125 x $179.51), thereby resulting in a total award of $16,612.86 ($18,609.91-$1,997.05).

## CONCLUSION

For the reasons discussed above, this court GRANTS in part and DENIES in part Plaintiff's counsel's application for fees (doc. #31) pursuant to the EAJA and awards attorneys' fees in the amount of $16,612.86.

IT IS SO ORDERED.

Dated this 22nd day of November, 2011.

 /s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

9 - OPINION AND ORDER