IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


BRENDA M. IRWIN,

                Plaintiff,

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

No. 3:10-CV-545-HZ

OPINION & ORDER


Bruce W. Brewer
LAW OFFICES OF BRUCE W. BREWER, PC
419 Fifth Street
Oregon City, OR 97045

     Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

David J. Burdett
SOCIAL SECURITY ADMINISTRATION

1 - OPINION & ORDER

701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Now before me is Plaintiff's Application for Supplemental Fees Pursuant to the Equal Access to Justice Act ("Second Request") (doc. #44), filed by Brenda M. Irwin ("Plaintiff"). Plaintiff seeks an award of fees and costs in the amount of $2,627.58 for 14.55 hours expended on defending Plaintiff's Application for Fees Pursuant to the Equal Access to Justice Act ("First Request") (doc. #31). For the reasons that follow, Plaintiff's Second Request is GRANTED in part and DENIED in part.

## BACKGROUND

      On July 1, 2011, I issued an Opinion and Order (doc. #29) reversing the decision of the Commissioner of Social Security (the "Commissioner") and remanding the underlying social security matter for the immediate calculation and award of benefits pursuant to sentence four of 42 U.S.C. § 405(g). As the prevailing party, Plaintiff filed the First Request on September 20, 2011, seeking an award of fees and costs in the amount of $18,609.91 for 103.90 hours spent on arguing the underlying case. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 et. seq., I granted in part and denied in part Plaintiff's First Request on November 22, 2011, reducing the disputed billable hours by 25%, an equivalent of 11.125 hours or $1,997.05. On January 1, 2012, Plaintiff subsequently filed her Second Request seeking an additional $2,627.58 for 14.55 of hours expended on defending her First Request.

## STANDARD

      "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing

2 - OPINION & ORDER

that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions were substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995)). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). (Citing Hensley, 461 U.S. at 433). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. Hensley, 461 U.S. at 434. "[D]eference is to be given to a district court's determination of a reasonable attorney's fee." Cunningham v. Cnty. of L.A., 879 F.2d 481, 484 (9th Cir. 1988).

## DISCUSSION

Attorneys' fees for time incurred defending a petition for fees are recoverable under EAJA. Comm'r, Immigration and Naturalization Serv. v. Jean, 496 U.S. 154, 157 (1990). The Commissioner does not dispute that fees for time incurred defending Plaintiff's First Request is recoverable under EAJA, and as in the First Request, does not argue whether or not his position was substantially justified. Rather, the Commissioner simply argues that the attorneys' fees and

3 - OPINION & ORDER

costs associated with Plaintiff's Second Request is unreasonable and should therefore be reduced.

**I. Fees Associated with Defending Improper Block-Billing Hours**

The Commissioner urges this court to follow the Sixth Circuit's decision in <u>Coulter v. Tennessee</u>, 805 F.2d 146, 151 (6th Cir. 1986), which expressly limited "the hours allowed for preparing and litigating [an] attorney fee case" to no more than "3% of the hours in the main case." In the alternative, the Commissioner urges this court to reduce Plaintiff's supplemental request by at least 25%. The Commissioner asserts that 25% is the proper proportion by which to reduce Plaintiff's requested fees because this court previously ordered that Plaintiff's disputed billable hours in the First Request be reduced by 25%. I disagree with the Commissioner's position.

The Commissioner makes no argument as to why, and cites not authority standing for the proposition that, this court should adopt the Sixth Circuit's 3% cap. I am uncompelled by the Commissioner's bare request asking this court to adopt the Sixth Circuit's 3% ceiling and decline to apply such a ceiling in this instance.

I also decline to reduce Plaintiff's total fee request by 25%. As detailed in my November 22, 2011, order, I only reduced the hours associated with the block-billed portion of Plaintiff's fee request by 25%–I did not reduce Plaintiff's total requested hours by 25%. A 25% reduction of the total hours requested by Plaintiff in this instance would simply be inconsistent with the results of Plaintiff's First Request. See <u>Atkins v. Apfel</u>, 154 F.3d 986, 989 (9th Cir. 1998) ("The district court should 'make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.'") (Citing <u>Hensley</u>, 461 U.S. at 437).

Plaintiff contends that only the time her attorney spent arguing the block-billing issue should be reduced by 25%. In his declaration, Ralph Wilborn ("Wilborn") concedes he "billed 4.75 hours on the block-billing issue." Wilborn Decl., p. 2 (doc. #47). Plaintiff argues that in light of Wilborn's statements, a 25% reduction of 4.75 hours, or 1.1875 hours (an equivalence of $214.45) would more properly reflect the results obtained in her First Request than the Commissioner's proposed solution. Plaintiff's argument is well-taken.

As noted in my November 22, 2011, order, Plaintiff improperly sought 44.5 hours of block-billed time. Taking into consideration, among other things, the reasonableness of the requested fees and the outcome of the underlying social security case, I found it reasonable to reduce Plaintiff's First Request by 11.125 hours (25% x 44.5), or 25% of the disputed block-billed time. In this particular instance, Plaintiff's proposed reduction of 1.1875 hours properly accounts for the relationship between the fee to be awarded and the results obtained in Plaintiff's First Request. Plaintiff's requested hours are therefore reduced by 1.1875 hours, or $214.45 (1.1875 x $180.59).

**II. Research Performed by Wilborn**

The Commissioner also urges this court to reduce Plaintiff's requested hours by 3.0 hours–the time expended by Wilborn on October 24, 2011, to conduct "research necessary to draft [the] Declaration of Ralph Wilborn, and draft [the] same." Resp., p. 3; Wilborn Decl., p. 2 (doc. #47). The Commissioner argues Plaintiff's requested time for "research" is simply a "a cut and paste of a table that counsel included six years ago" in another EAJA case, "<u>Abrego v. SSA</u>, Civ. No. 04-1000-MO (D. Or.)," and therefore should be disallowed. Resp., p. 4.

Plaintiff reads the Commissioner's argument as objecting only to the research necessary to locate and cut and paste the table into the Wilborn Declaration and not an objection to the time

necessary to draft the declaration or perform other research, including legal research. Plaintiff asserts the term "research" includes research of "issues addressed in <u>Chryel D. Burt v. Michael J. Astrue</u>, Civil Action No. 08-1427 (E.D. Pa. April 6, 2011) and <u>Walton v. Massanari</u>, 177 F. Supp. 2d 359 (E.D. Pa. 2001)," and therefore her requested hours are reasonable. Reply, p. 6. I disagree.

      Wilborn makes clear that he maintains a high level of "competence and expertise as a Social Security disability law practitioner." Wilborn Decl., p. 3 (doc. #34). He proffers evidence demonstrating he is a member of a number of organizations, including "the Oregon State Bar, . . . all Oregon state courts[,] . . . the U.S. District Court for the District of Oregon, the U.S. Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States." Id. In support of his competence and expertise as a social security law practitioner, he also highlights his previous experience as an "administrative law judge for the Social Security Administration[,]" that his practice only involves "representing Social Security claimants in federal court proceedings[,]" and that he has authored a social security handbook. Id. (doc. #34). Wilborn further points out that he has participated in no less than sixteen "precedential Social Security cases in the U.S. Court of Appeals for the Ninth Circuit." Id., p. 4 (doc. #34). Furthermore, insofar as it relates to Plaintiff's EAJA fee requests, Wilborn has consistently charged the maximum statutory caps for his hourly fees, presumably based upon his competence and expertise in social security law. Pl.'s Mem. in Supp. of First Request, p. 5; Pl.'s Mem. in Supp. of Second Request, p. 2.

      I do not question Wilborn's expertise or his hourly rates, which I find reasonable. I, however, find it perplexing that with all the competence and expertise Wilborn brings to the table, it still took him almost 3.0 hours to research and draft the Wilborn Declaration. Wilborn

Decl., p. 2 (doc. #47).  The Wilborn Declaration is straightforward and simple, indicating that it did not take Wilborn very long to draft the declaration.  Instead, it appears that the bulk of Wilborn's time was spent on conducting the research associated with the declaration.  Plaintiff makes no argument to the contrary.

    It is axiomatic that an inverse relationship should exist between the competence and experience an attorney has and the time it takes for the attorney to complete certain tasks, including researching and drafting a declaration.  I expect such an inverse relationship to be even more pronounced considering Wilborn's background.  Here, Plaintiff offers no compelling justification supporting the time required by Wilborn to research and draft the declaration at issue here.  In fact, Plaintiff's explanation supporting Wilborn's research is unclear, and at best, vague.  Suffice it to say, the cases stemming from Wilborn's research, namely <u>Burt v. Astrue</u>, Civil Action No. 08-1427, 2011 WL 1325607 (E.D. Pa. 2011) and <u>Walton v. Massanari</u>, 177 F. Supp. 2d 359 (E.D. Pa. 2001), involve neither novel or complex legal issues nor complicated fact patterns.  The Wilborn Declaration itself does not involve novel or complex legal issues or otherwise indicate any reason supporting almost 3.0 hours of combined research and drafting.  Furthermore, as noted above, 44.5 billable hours documented in the Wilborn Declaration were improperly block-billed and resulted in a reduction of 11.125 hours or almost $2,000.  Under these circumstances, I cannot conclude that the requested hours related to drafting and researching the Wilborn Declaration is reasonable.  Based on the record before me, I conclude that one hour for researching and drafting the Wilborn Declaration is reasonable.  Accordingly, Plaintiff's requested fee amount as it relates to the Wilborn Declaration is reduced by two hours.

In sum, Plaintiff's total fee request is reduced by 3.1875 hours (1.1875 + 2.0), or $575.63 ($180.59 x 3.1875). With respect to the remaining requested fees, I conclude they are reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Request (doc. #44) is GRANTED in part and DENIED in part pursuant to EAJA. Plaintiff is awarded attorneys' fees and costs in the amount of $2,051.95 ($2,627.58 - $575.63).

IT IS SO ORDERED.

Dated this 5th day of March, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

8 - OPINION & ORDER